# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD C. ANGINO,** | : CIVIL ACTION NO. 1:08-CV-0147 |
| **ALICE K. ANGINO,** and | : |
| **ANGINO & ROVNER, P.C.,** | : (Judge Conner) |
| | : |
| **Plaintiffs** | : |
| | : |
| v. | : |
| | : |
| **ROBERT P. GRUBIC, P.E.,** | : |
| **HERBERT, ROWLAND & GRUBIC,** | : |
| **SUSQUEHANNA TOWNSHIP,** | : |
| **JACQUELINE PATTON, WENDY** | : |
| **JOHNSON, IRA SHAPIRO, DIANE** | : |
| **BOWMAN, STANLEY R. LAWSON,** | : |
| **SR., FRANK LYNCH, SEAN** | : |
| **SANDERSON, TAMI WILSON,** | : |
| **JOSHUA WILSON, FRANCIS R.** | : |
| **KESSLER, GARY L. MYERS,** | : |
| **FRANK CHIEBINKOW, MITCH** | : |
| **KEMP, RICHARD LENKER,** | : |
| **JOHN L. TAYLOR, THOMAS** | : |
| **THORNTON, MILTON WATSON,** | : |
| **and KERRY WILSON** | : |
| | : |
| **Defendants** | : |

## **MEMORANDUM**

This is a case brought by plaintiffs Richard C. Angino, Alice K. Angino, and Angino & Rovner, P.C. (collectively "plaintiffs"), pursuant to 42 U.S.C. § 1983.[1] Plaintiffs seek monetary and injunctive relief for governmental violations of their constitutional rights to due process and equal protection. Defendants are

---

[1] Plaintiffs' amended complaint states a claim under 42 U.S.C. § 1985, but plaintiffs do not oppose defendants' request for dismissal of this claim, (Doc. 47 at 1, ¶ 9; Doc. 47 at 11), and the court will dismiss it without further discussion.

Susquehanna Township, various employees of Susquehanna Township,[2] (collectively "township defendants"), Robert P. Grubic, P.E., a professional engineer, and Herbert, Rowland & Grubic ("HRG"), an engineering firm. Presently before the court are: (1) the motion to dismiss (Doc. 40) filed by defendants Grubic and HRG, (2) the motion to dismiss (Doc. 42) filed by the township defendants, and (3) plaintiffs' motion (Doc. 55) to file a second amended complaint. For the reasons that follow, the motions to dismiss will be granted, and the motion to amend will be denied as moot.

I. **Statement of Facts**[3]

Plaintiffs Richard C. and Alice K. Angino jointly own a parcel of realty with office buildings, located at 4503 North Front Street, Harrisburg, Susquehanna Township, Dauphin County, Pennsylvania. (Doc. 35 ¶ 11.) For 30 years, they have rented this property to the law firm of Angino & Rovner, P.C., also a plaintiff in this

---

[2] The township employees are: Jacqueline Patton, Wendy Johnson, Ira Shapiro, Diane Bowman, Stanley R. Lawson, Sr., Frank Lynch, Sean Sanderson, Tami Wilson, Joshua Wilson, Francis R. Kessler, Gary L. Myers, Frank Chiebinkow, Mitch Kemp, Richard Lenker, John L. Taylor, Thomas Thornton, Milton Watson, and Kerry Wilson. All but defendant Ira Shapiro ("Shapiro") joined with the township in making one of the pending motions (Doc. 42) to dismiss. Attorneys have appeared on behalf of all other township employees in this action, and they have waived service of process, but Shapiro has neither sent a waiver of service nor appeared. Ostensibly, plaintiffs have not served Shaprio. The court could, therefore, dismiss without prejudice the claim against Shapiro, after notice to plaintiffs. FED R. CIV. P. 4(m). For the reasons discussed infra part III, however, such action is unnecessary.

[3] In accordance with the standard of review for a motion to dismiss under Rule 12(b)(6), the court will present the facts as alleged in the complaint, as well as the record of the case and matters of public record. See infra Part II.

case. (Id.) In September of 2004, Hurricane Ivan caused flooding on plaintiffs' real estate, with waters from the rear or east side of the parcel, rather than from the front or west, as had occurred in prior floods. (Id. ¶ 45.) Thereafter, commencing in 2005, plaintiffs began to experience standing water in their rear parking lot. (Id. ¶ 36.) In April of 2005, plaintiffs contacted Susquehanna Township officials and held a meeting with individuals from the township and owners of neighboring properties, including United Water Pennsylvania, Inc. ("United Water") and Ciesco, Inc. ("Ciesco"). (Id. ¶ 37.) Plaintiffs were unaware of the precise source of the standing water at that time. (Id. ¶ 38.) On March 3, 2006, plaintiffs brought suit against United Water, Ciesco, and certain individuals doing business as 4507 Associates. (Id. ¶ 39.) As a result of discovery in that action in 2007 and January 2008 (id. ¶ 40), plaintiffs became aware of the following additional facts.

In 2002, Norman K. Hoffer ("Hoffer"), eventually doing business as 4507 Associates, had purchased and combined several parcels of real estate to construct an office building at 4507 North Front Street, Harrisburg, Pennsylvania. (Id. ¶ 12.) Approval of a subdivision and land development plan was a prerequisite to construction of the building. (Id. ¶ 13.) Eventually, Susquehanna Township accepted a plan proposed by Hoffer and Jeffrey W. Staub, which they had submitted on July 11, 2003. (Id. ¶ 30-33.) This plan indicated that the surface water runoff from 4507 North Front Street would be directed to a "five-acre 'low' 'depressed' 'wetland' area" to the south, which was actually plaintiffs' parcel at 4503 North Front Street. (Id. ¶ 32-34.)

3

Around the same time, United Water, which owns real estate located to the east of plaintiffs' parcel, had sought approval to fill in wetlands at or near the center of their property, which covers approximately seven acres. (Id. ¶ 35.) Susquehanna Township approved United Water's request. (Id.) However, United Water actually filled the eastern end of Miller Lane, (id.), in close proximity to plaintiff's property, (Doc. 47 ¶ 35).

Plaintiffs filed the instant suit on January 23, 2008. They claim that the township engaged in unconstitutional government activity with respect to approving the plans for the office building at 4507 North Front Street, which directs its stormwater onto plaintiffs' property, permitting the fill on United Water's land, which added to the flooding of plaintiffs' property, and failing to compel Hoffer and United Water to cease flooding plaintiffs' parcel and to develop a remediation plan to prevent future flooding. In their amended complaint, plaintiffs seek damages "in excess of $1,000,000" as well as injunctive relief. (Doc. 35 at 14.) Plaintiffs also claim that the outrageousness of defendants' conduct entitles them to "interest and punitive damages as well as counsel fees." (Id. ¶ 60.) Defendants filed motions to dismiss (Docs. 40, 42) pursuant to Rule 12(b)(6). The parties have fully briefed these issues, which are ripe for disposition.

## II. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the

4

court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., --- F.3d ---, 2009 WL 3163553 (3d Cir. Oct. 5, 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citing Twombly, 550 U.S. at 556); see also FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). A claim to relief "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the 'pleader is entitled to relief.'" Iqbal, --- U.S. at ---, 129 S. Ct. at 1950, 173 L. Ed. 2d at 884 (quoting FED. R. CIV. P. 8(a)). Courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

Defendants[4] allege that plaintiffs' claims are time-barred. When presented with § 1983 claims, federal courts in Pennsylvania must apply Pennsylvania's two-year statute of limitations for personal injury actions. See 42 PA. CONS. STAT. § 5524; see also Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998) ("In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury."). In the context of a motion to dismiss under Rule 12(b)(6), a statute of limitations defense *must be apparent on the face of the pleading*.

---

[4] As discussed supra note 2, Shapiro has not joined in either motion to dismiss. Nevertheless, the court has discretion to address the question of whether plaintiffs' claim against Shapiro is time-barred, as long as Shapiro has not deliberately waived the statute of limitations defense. See 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1278 (3d ed. 2004); Day v. McDonough, 547 U.S. 198, 202 (2006). Therefore, the court includes Shapiro in its disposition of this issue.

6

See Benak v. Alliance Capital Mgmt., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994). The defense is apparent on the face of the complaint if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)).

In the instant case, plaintiffs allege injury on the basis that surface waters from neighboring properties flood their property. The flooding began either in September of 2004 or in the first few months of 2005.[5] (Doc. 35 ¶ 36, 45.) Generally, "[t]he statute of limitations begins to run as soon as the underlying cause of action accrues." Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991). However, plaintiffs contend that their claims arising from such injury are protected by the discovery rule, which tolls the statute of limitations until a plaintiff "knows or has reason to know of the injury which is the basis of the section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991); see also Bohus, 950 F.2d at 924-25; Vernau v. Vic's Mkt., Inc., 896 F.2d 43, 46 (3d Cir. 1990). In evaluating whether the discovery rule should toll the statute of limitations in this case, the court will apply Pennsylvania's tolling principles, because this case is governed by

---

[5] Plaintiffs' amended complaint states that, "[c]ommencing in 2005, Plaintiffs began to experience a lake of standing water" on their property. (Doc. 35 ¶ 36.) It also states the following: "Plaintiffs' land and buildings were flooded by Ivan in September of 2004 from the rear or east rather than as had occurred in prior floods from the flooding of the Susquehanna River from the front or west." (Doc. 35 ¶ 45.)

7

Pennsylvania's statute of limitations.  See Vernau, 896 F.2d 45 (citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 463-64 (1975)) ("[S]tate tolling principles are generally to be used by a federal court when it is applying a state limitations period . . . .").

The Third Circuit has held that Pennsylvania's "discovery rule functions to delay the initial running of the statutory limitations period, but only until the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." Oshiver, 38 F.3d at 1386 (citing Bohus v. Beloff, 950 F.2d 919, 924-25 (3d Cir. 1991)); Haines v. Jones, 830 A.2d 579, 585 (Pa. Super. Ct. 2003).  In other words, "once [a plaintiff] possesses the salient facts concerning the occurrence of the injury and *who* or *what* caused it, he has the ability to investigate and pursue his claim," and the statute of limitations will begin to run at that point.  Vernau, 896 F.3d at 46 (quoting Berardi v. Johns-Manville Corp., 482 A.2d 1067, 1071 (Pa. Super. Ct. 1984) (emphasis in the original)).  Even if the plaintiff is unaware that wrongful conduct caused his injury, or that he has a legal cause of action, the discovery rule will not toll the statute of limitations beyond such a time.  Id. (quoting Urland v. Merrell-Dow Pharmaceuticals, Inc., 822 F.2d 1268, 1275 (3d Cir. 1987)); see also Oshiver, 38 F.3d at 1386 ("[A] claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong.").  As the Third Circuit has noted, Pennsylvania law holds that "[t]here are very few facts which diligence cannot discover, but there must be

8

some reason to awaken inquiry and direct diligence in the channel in which it would be successful." Vernau, 896 F.3d at 46 (quoting Deemer v. Weaver, 187 A. 215, 217 (Pa. 1936)).

As the court considers defendants' motion to dismiss, it will accept all allegations of the complaint as true and give plaintiffs the benefit of all reasonable inferences therefrom. See supra Part II. Thus, the court will assume that, in September of 2004, plaintiffs had no reason to know that anything other than severe weather conditions caused the flooding on their property. However, even under the constraints of this case's current procedural posture, the court cannot ignore plaintiffs' April 2005 meeting with Susquehanna Township officials and the owners of neighboring properties to address the flooding issue. (Doc. 35 ¶ 36-37.) That plaintiffs contacted township officials and initiated such a meeting clearly demonstrates awareness of the injury and comprehension of a storm water management problem. For example, plaintiffs acknowledge in the record of this matter that the flooding came "from the rear or east rather than as had occurred in prior floods from the flooding of the Susquehanna River from the front or west." (Doc. 35 ¶ 45.) The fact that plaintiffs, subjectively, were unaware of the precise nature of the township's role in the storm water management problem until 2007 or 2008 is irrelevant. See Vitalo v. Cabot Corp., 399 F.3d 536, 543 (3d Cir. 2005) ("Proof of a plaintiff's subjective knowledge is insufficient to invoke [Pennsylvania's] discovery rule . . . .").

9

Plaintiffs' amended complaint explicitly states that plaintiffs held an investigative meeting in April of 2005. (Doc. 35 ¶ 36-37.) Indeed, plaintiffs had sufficient notice of the storm water management problem that they "contacted Defendant Susquehanna Township officials in April 2005 requesting a meeting with Susquehanna Township, United Water, and Ciesco . . . to attempt to determine the cause(s) of the flooding of Plaintiffs' property." (Doc. 47 ¶ 37.) The court is compelled to conclude that this is a sufficient record—apparent on the face of the complaint—that plaintiffs had actual knowledge of their injury and general knowledge that the flooding was a storm water management problem. Plaintiffs' lawsuit against Ciesco, United Water, and Hoffer, filed in state court on March 3, 2006, is further evidence of sufficient knowledge. (See Doc. 35 ¶ 39.) Plaintiffs' allegations that they were not aware of the Township's exact role in approving the conditions of the neighboring properties or failing to ensure the implementation of appropriate storm water management until 2007 or 2008, (see id ¶ 40; Doc. 47 at 12), are of no moment to the discovery rule. The limitations period begins to run as soon as "the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress. . . . [T]he accrual date is not postponed until the injured party knows every fact necessary to bring his action." Zeleznik v. United States, 770 F.2d 20, 23 (3d Cir. 1985) (citing United States v. Kubrick, 444 U.S. 111 (1979)). Therefore, it is clear on the face of plaintiffs' amended complaint that the injury was discovered, and the statute began to run, no later than April of 2005.

Clearly, the two-year limitations period had expired by January 23, 2008, when the complaint was filed. For the foregoing reasons, the court concludes that plaintiffs' claims are time-barred.

Plaintiffs also argue that defendants cannot invoke the statute of limitations defense because the amended complaint "includes a series of actions commencing in 2002 and continu[ing] to the present." (Doc. 47 at 8; see also Doc. 44 at 12-13.) Plaintiffs complained that they "have requested and continue to request that Defendants utilize their governmental power and authority to order Hoffer d/b/a 4507 Associates and [United Water] to cease and desist flooding Plaintiffs' parking lot and to develop a remediation plan to prevent future flooding of Plaintiffs' property," and defendants have done nothing. (Doc. 35 ¶ 55; see also Doc. 47 at 8.) Implicit in this argument is an interpretation of the continuing violations doctrine which is not consistent with Third Circuit precedent. Indeed, the Third Circuit rejected a similar theory for application of the continuing violations doctrine in Cowell v. Palmer Twp., 263 F.3d 286 (3d Cir. 2001), where it held:

> In [Ocean Acres Ltd. v. Dare County Bd. of Health, 707 F.2d 103, 106 (4th Cir. 1983)], the Fourth Circuit reaffirmed that "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." This conforms with our understanding of the continuing violations doctrine, and we see no reason to depart from it.

See Cowell, 263 F.3d at 294 (citations omitted). Thus, the court is not persuaded by plaintiffs' notion that defendants' inaction regarding the flooding problem

11

constitutes a separate and continuing injury.[6]  Such a contention conflates

plaintiffs' *injury* with plaintiffs' requested *remedy*.  The court concludes that all of

plaintiffs' claims emanate from the flooding problem and that the statute of

limitations must be addressed in the context of the discovery of that injury.  The

court rejects plaintiffs' implication that the continuing violations doctrine applies to

the instant case.  For the reasons set forth above, plaintiffs' claims are time-barred.

## IV.    Conclusion

The court concludes that the statute of limitations bars plaintiffs' claims.

Therefore, the court will dismiss plaintiffs' claims against all defendants and deny

plaintiffs' motion to amend as moot.[7]  The court notes that plaintiffs' failure to

demonstrate plausible entitlement to relief obviates the need for the court to

---

[6] Defendants correctly observe that "a governmental entity has no constitutional duty to take any affirmative action to protect citizens against harm or injuries inflicted by private actors." (Doc. 43 at 15.)  Plaintiffs fail to dispute this argument.  The court agrees that defendants have no obligation to protect plaintiffs' property by intervening in the actions of those who own the surrounding parcels.  See Citizens for Health v. Leavitt, 428 F.3d 167, 176-77 (3d Cir. 2005) ("[S]ubstantive due process bars the government from depriving individuals of life, liberty, or property without due process of law, but it does not 'impose an affirmative obligation on the [government] to ensure that those interests do not come to harm through other means.'" (quoting DeShaney v. Winnebago County Soc. Servs. Dep't, 498 U.S. 189, 195 (1989))).  Therefore, plaintiffs have failed to show any entitlement to relief under the doctrine of substantive due process.

[7] In their motion to file a second amended complaint, plaintiffs seek merely to amend their requested damages and/or relief.  Thus, their proposed second amended complaint does not defeat any of the arguments raised by defendants' motions to dismiss.  The court's decision to grant defendants' motions to dismiss renders moot the motion to amend.

address other issues presented in defendants' motions to dismiss.[8]

An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      November 12, 2009

---

[8] Defendants raised a variety of other issues in their motions to dismiss. Grubic and HRG contend that they were not state actors and that plaintiffs have failed to describe any of their actions that deprived plaintiffs of a protected right. The individual township defendants argue that plaintiffs' claims against them must be dismissed because: (1) plaintiffs have failed to allege facts demonstrating their personal involvement in any alleged violation, and (2) plaintiffs' claims against them in their official capacities are duplicative. The township defendants allege that plaintiffs have failed to identify any policy or custom of the township that caused their alleged injuries. They also request that the court dismiss plaintiffs' claims for punitive damages against them, because "punitive damages are not recoverable against municipalities . . . or their individual employees acting in their official capacities." (Doc. 43 at 21.) In light of the court's disposition of this matter, the court need not address these additional bases for dismissal.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD C. ANGINO,** : | **CIVIL ACTION NO. 1:08-CV-0147** |
| **ALICE K. ANGINO,** and : | |
| **ANGINO & ROVNER, P.C.,** : | **(Judge Conner)** |
| : | |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **ROBERT P. GRUBIC, P.E.,** : | |
| **HERBERT, ROWLAND & GRUBIC,** : | |
| **SUSQUEHANNA TOWNSHIP,** : | |
| **JACQUELINE PATTON, WENDY** : | |
| **JOHNSON, IRA SHAPIRO, DIANE** : | |
| **BOWMAN, STANLEY R. LAWSON,** : | |
| **SR., FRANK LYNCH, SEAN** : | |
| **SANDERSON, TAMI WILSON,** : | |
| **JOSHUA WILSON, FRANCIS R.** : | |
| **KESSLER, GARY L. MYERS,** : | |
| **FRANK CHIENBINKOW, MITCH** : | |
| **KEMP, RICHARD LENKER,** : | |
| **JOHN L. TAYLOR, THOMAS** : | |
| **THORNTON, MILTON WATSON,** : | |
| **and KERRY WILSON** : | |
| : | |
| **Defendants** : | |

## <u>ORDER</u>

AND NOW, this 12th day of November, 2009, upon consideration of the motion to dismiss (Doc. 40) filed by defendants Robert P. Grubic, P.E., and Herbert, Rowland & Grubic, the motion to dismiss (Doc. 42) filed by the township defendants, and plaintiffs' motion (Doc. 55) to file a second amended complaint, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motions (Doc. 40, 42) to dismiss are GRANTED. All claims against defendants are DISMISSED.

2. The motion (Doc. 55) to file a second amended complaint is DENIED as moot.

3. The Clerk of Court is directed to CLOSE this case.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge